## COMMONWEALTH *vs.* CHARLES SOULE.

On an indictment upon the Rev. Sts. *c.* 126, § 39, alleging that the defendant wilfully destroyed and injured a cable by which a fish car was moored and fastened, proof that he wilfully, &c. cut off such cable, a few feet from one end thereof, was held sufficient to warrant his conviction.

THIS was an indictment for malicious mischief, which alleged that the defendant, " at Marshfield, in said county, on the thirteenth day of July, 1840, did wilfully, maliciously and secretly, in the night time, destroy and injure two lobster cars, two brass locks attached to said cars, and two cables, by which said cars were moored and fastened, and three hundred lobsters contained in the cars aforesaid, all being the property of one Francis Washburn."

At the trial before *Strong*, J. in the court of common pleas, said Washburn testified that "he had two lobster cars cut away, about the tenth day of July, 1840 ; that there were three hundred lobsters in them, when cut away ; that the cars were fastened with two turns of cable ; that there were two brass locks attached to said cars ; that he found the cars, the next morning after he put the lobsters into them, down the river from one quarter to one half mile ; that the cables were cut off, apparently with a knife, and that the locks were broken off and gone, and all the lobsters were gone, except twenty or thirty ; that the cars were not injured, except that by lying on the rocks, they were somewhat bent out of shape, and considerably hogged ; that the two cables were cut in two in the middle ; that they were at-

tached to a rock, three or four fathoms, and two or three fee attached to the cars."

The counsel for the defendant contended, that the above recited testimony did not show any such destruction or injury to personal property, as to be within the provisions of the Rev. Sts. c. 126, § 39, upon which the indictment was founded. But the judge instructed the jury, that whatever might be said with respect to all the alleged injuries, stated by the witness besides the injury done to the cables, the injuries which he stated to have been done to them were within the provisions of the revised statutes. The jury found the defendant guilty, and exceptions to this instruction were alleged by his counsel.

*Coffin*, for the defendant.

*Austin*, (Attorney General,) for the Commonwealth.

SHAW, C. J. We are of opinion that the instruction of the court of common pleas was correct. The words of the Rev. Sts. c. 126, § 39, are very comprehensive, including, amongst other persons doing wilful and malicious mischief, those who shall wilfully and maliciously destroy or injure the personal property of another, in any manner, or by any means. And as the mischief to property, which was intended to be prohibited and punished, is of every degree of aggravation, from the greatest to the smallest, the punishment is graduated accordingly.

It is sufficient to bring the case within the statute, that the property is either injured *or* destroyed. But it was objected that as in this indictment it is averred that the property was injured *and* destroyed, the averment must be proved as laid Even if the opinion of the court went to this extent, we think that it was correct in regard to the cables. They may be considered as destroyed for the purpose for which they were designed and used, when rendered wholly unfit for such purpose. If a cable of ten fathoms was required, and five were cut from it, it might be deemed a destruction of the cable. If a silver vase were crushed or melted, it would be destroyed as a vase, though the material remains and is of value.

The court are of opinion that the direction was right, and the defendant must be sentenced on his conviction